### BOWSKY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   October, 1901.)

TRIAL—ELECTION OF GROUND OF RECOVERY—ACTS CONSTITUTING ELECTION—OPERATION AND EFFECT.
    In an action for injuries in consequence of the wheel of plaintiff's wagon having slipped into the slot between the tracks of a cable railroad, the plaintiff was asked by defendant, at the close of plaintiff's case, except as to formal proof of a certain measurement, to state whether he

claimed to recover on the ground of defendant's negligence, or its maintaining a nuisance. His counsel stated that a recovery was sought on the ground of negligence, whereupon several motions were made by defendant; one being for dismissal for failure to prove negligence. An adjournment was taken, and on the adjourned day, after some formal proof had been taken, defendant renewed its motions. *Held*, that it was then too late for plaintiff to shift his ground, and recover on the ground of maintaining a nuisance.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Louis Bowsky against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

G. Glenn Worden, for appellant.

William J. Fanning, for respondent.

SCOTT, J. The action was for damages to the plaintiff's horse, wagon, and harness in consequence of the wheel of the wagon having slipped into the slot between the tracks of a cable railroad. The pleadings were oral, the complaint being "damages to personal property." At the close of the plaintiff's case, when he had introduced all his evidence, except the formal proof that a certain measure used by him was of standard measurement, the plaintiff was called upon to elect whether he claimed to recover upon the ground of defendant's negligence, or upon the ground that the defendant maintained a nuisance by reason of having an unauthorized opening in the street. After the plaintiff had introduced testimony as to the width of the slot and of his damages, it was proposed that an adjournment be taken. The defendant's counsel then said:

"Am I to understand that counsel is to be confined strictly to testimony as to these two points, namely, the proof of what is the prescribed width of the slot, and the proof of the correct standard of measurement of these two instruments used. Plaintiff's Counsel: That is what I understand. Defendant's Counsel: I understand, with that reservation, you rest. Plaintiff's Counsel: Yes."

The defendant then made several motions,—among others, one to dismiss the complaint on the ground that the plaintiff had failed to prove negligence on the part of defendant. The court thereupon asked plaintiff if he relied on the theory of negligence, to which counsel replied, "Undoubtedly." The defendant's counsel then made another motion, whereupon the court asked plaintiff's counsel, "You are not relying on the theory of nuisance?" and the counsel again replied, "No; on negligence." On the adjourned day, after some formal proof had been taken, the defendant renewed all his motions, whereupon plaintiff announced for the first time that he declined to stand by his election to recover on the ground of negligence, and practically insisted upon his right to recover upon the ground of nuisance, in that the defendant had not shown its right to maintain any hole in the street. In our opinion, it was too late for the plaintiff to shift his ground. He was not required to elect upon which ground he would seek to recover, but did so voluntarily. Under that election, and the statement as to the points upon which testimony was to be taken on

the adjourned day, the defendant was justified in omitting to prepare itself to justify its occupancy of the street. We think that justice requires that the cause be retried. There is no doubt that the defendant will, if given an opportunity, be able to prove its right to maintain a slot in the streets for the purpose of operating its cars, and the question can then be determined whether it did so properly or improperly.

Judgment reversed and new trial granted, with costs to abide event. All concur.